## WESTERN TELEPHONE CORPORATION OF TEXAS v. McCANN et al.

### No. 10346.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 21, 1939.

Rehearing Denied April 5, 1939.

Sylvanus M. Thomas, of Glen Falls, N. Y., C. S. Arnold, of San Antonio, John C. North, of Corpus Christi, and T. M. West, of San Antonio, for plaintiff in error.

M. A. Childers, of San Antonio, and J. C. Russell, of Sinton, for defendant in error.

SLATTON, Justice.

This action is before this Court upon the second appeal with the same questions presented as were determined by this Court upon the first appeal. See Western Telephone Corporation of Texas v. McCann et al., 69 S.W.2d 465. The judgment of affirmance of this Court was reversed and the cause remanded to the trial court by the Supreme Court, 128 Tex. 582, 99 S.W.2d 895, because the evidence was held to be insufficient to show a causal connection be-

tween the negligence relied on for a recovery and the injury. The cause was retried and the evidence is substantially the same upon the second trial, except the defendants in error called Dr. J. A. Correll, professor of electrical engineering at the University of Texas, who, after testifying to facts which qualified him to be an expert upon the action of atmospheric electricity or lightning, gave evidence not only that it was his opinion that the lightning which killed Mrs. McCann was transmitted through the service line from the main line to the dead end which was ungrounded at the plate of the front porch of the McCann residence, but that it was highly improbable for the injury to have happened in any other way. In short, the witness gave his opinion to the effect that the injury occurred in accordance with the theory relied upon by the defendant in error, which was one of the three theories testified to by three experts called by the plaintiff in error, and that in his opinion the accident could not, in all probability, have occurred under either of the two other theories advanced by said expert witnesses. Since such evidence is well summarized in the opinion of this Court upon the first appeal and by the Supreme Court, we refer to those opinions.

■■ A careful consideration of all the evidence in the record upon this appeal, leads us to the conclusion that defendants in error upon the second trial adduced evidence sufficient to show a causal connection between the negligence of the plaintiff in error (as found by the jury) and the death of Mrs. McCann. In fact, every defect as pointed out in the opinion of the Supreme Court in the first appeal has been supplied through the evidence of Dr. J. A. Correll. This being true and the jury having determined the issues presented to them in favor of defendants in error, such findings must be approved here. The plaintiff in error urges the identical objections to the charge which were made on the first appeal. The rulings there made must be here sustained. Plaintiff in error also claims the verdict to be excessive. In the second trial the jury made the following awards:

To Jack McCann ............. $7,500.00
    Gladys McCann ........... 1,000.00
    Cathlyn McCann .......... 1,000.00
    Eugene McCann .......... 1,000.00
    Rudolph McCann .......... 1,000.00
    Ernestine McCann ........ 1,000.00

This Court held a larger amount not to be excessive upon the first appeal. We overrule the contention.

The additional evidence which we have mentioned, together with other evidence in the record, requires us to make the same holdings as were made by this Court upon the first appeal. And the record as now presented supplies, in our opinion, the evidence held necessary by our Supreme Court to authorize a recovery. Therefore, further discussion is deemed to be unnecessary.

The judgment is affirmed.